**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREG GUETTLER | : | CIVIL ACTION - LAW |
| | : | NO. |
| Plaintiff, | : | |
| | : | |
| vs. | : | *Electronically Filed* |
| | : | |
| BREW TEAM GROUP, LLC | : | COLLECTIVE ACTION -- FLSA |
| | : | |
| Defendant. | : | JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

1. This is a collective and class action on behalf of workers who have been required and/or permitted by Defendant to perform unpaid, off-the-clock work, including overtime work, in violation of the Fair Labor Standards Act and the wage and hour laws of the states where Defendant does business.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it arises under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA"). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

4. Plaintiff brings this action because he and other employees of Defendant have been required to perform work off the clock without being paid for it, including overtime hours. Defendant requires all hourly employees to undergo training off the clock on an app called

1Huddle. Defendant also requires Shift Leads to work off the clock preparing documents to direct the workers on their shifts what they will be doing during their shifts.

5. Plaintiff Greg Guettler is a citizen of Pennsylvania who resides at 21 South Main Street, Apt. 6, Phoenixville, PA and works as a Shift Lead at Defendant's Collegeville coffee stand.

6. Defendant Brew Team Group, LLC ("Brew Team") is a franchisee of Brew Culture, LLC which operates numerous 7Brew drive through coffee stands in Pennsylvania and other states, employing over a thousand workers.

7. Defendant is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business in Vestal, NY.

8. Defendant is registered to do business in the Commonwealth of Pennsylvania and therefore this Court has personal jurisdiction over it for these claims.

9. 7Brew coffee stands serve a large menu of flavorful drinks, including coffees, energy drinks, sodas, teas, lemonades, smoothies and shakes.

10. The official base menu at 7Brew stands includes approximately 150 base menu items. These base items can be mixed into 20,000 drink variations.

11. As part of Defendant's business model, it requires its hourly employees to learn numerous complicated drink recipes so that they can quickly make whatever drink their customers' order.

12. Defendant's business model is to test employees regularly on their knowledge of the menu and recipes, flavors and scoops, and to discharge employees who are unable to pass their tests.

13. Defendant permits and requires its entire workforce, including non-exempt employees, to use the 1Huddle app on their phones/electronic devices to train themselves on the various drink recipes Defendant offers to its customers. This training is required to be performed off the clock and is not compensated.

14. Defendant's employees have logged dozens or hundreds of unpaid hours training on the 1Huddle app.

15. Defendant's business model is to license the 1Huddle app and require employees to install it on their phones/electronic devices, and use 7Brew designed training games/quizzes to learn Defendant's complicated menu. New employees are given a 1Huddle login as part of their orientation.

16. Defendant's 1Huddle app keeps records of the hours employees spend working in the app, and allows employees to compare their unpaid work hours in the app with other employees in a leaderboard.

17. Because of this recordkeeping function in 1Huddle, Defendant knows exactly how many uncompensated hours its employees have worked in 1Huddle.

18. Employees are instructed by Defendant's management that 1Huddle off-the-clock training is mandatory, and necessary to enable them to pass regular testing. Failing tests results in termination of employment.

19. In addition to Defendant's mandatory off-the-clock 1Huddle training work, Defendant requires Shift Supervisors, who are hourly workers, to work off the clock preparing documents to instruct the employees on their upcoming shifts how the tasks will be organized and performed on their shifts.

20. The typical Shift Supervisor works 45 minutes to two hours or more off the clock for each shift he or she is assigned as Shift Supervisor.

21. Defendant has employed hundreds of Shift Supervisors and thousands of non-exempt employees over the past three years.

22. Defendant pays no compensation for employee 1Huddle or Shift Supervisor off-the-clock work, and does not consider these off-the-clock work hours when determining whether overtime compensation is required under the FLSA.

23. Defendant's customers routinely tip Defendant's employees, and the tips are supposed to be divided among the employees in a tip pool and paid via a separate line on their paychecks.

24. When Defendant opens a new 7Brew stand, it routinely keeps customer tips and does not distribute the tips to the employees until the employees pass Defendant's barista test. This typically takes up to one month.

25. Defendant informs its employees that the customer tips for the first month the stand is open are used to fund stand opening costs.

26. The FLSA and Pennsylvania law prohibit employers from keeping customer tips and requires the tips to be distributed to the employees who own them.

**<u>Collective Action Allegations</u>**

27. Plaintiff brings this action on behalf of himself and other similarly-situated employees pursuant to 29 U.S.C. §216(b). Plaintiff and other similarly-situated employees are individuals who are, or were, employed by Defendant as non-exempt employees during the time period of three years prior to the filing of this action (the "Collective Members").

28. The putative class of Collective Members has been engaged in commerce as required by the FLSA.

29. Named Plaintiff and the Collective Members are similarly situated, have substantially similar pay provisions, and were all subject to Defendant's unlawful policies and practices as described herein.

30. There are numerous similarly-situated current and former employees of Defendant who would benefit from the issuance of a Court-supervised Notice of this action and the opportunity to join it.

31. Similarly-situated employees are known to Defendant, are readily identifiable to Defendant, and can be located through Defendant's records.

32. Questions of law and fact that are common to the Collective Members predominate over questions that affect only individual Collective Members.

**Class Allegations**

33. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class: All persons who worked for Defendant on an hourly basis who were required and/or permitted to work off the clock during the time period commencing three years before the filing date of this action (the "Class Members").

34. The prerequisites to class certification under Rule 23 are met in that the members of the class are so numerous that joinder of all members are impractical. Plaintiffs estimate that there are thousands of Class Members. The precise number of Class members may be determined from the Defendant's records.

35. The representative Plaintiff's claim raises questions of law and fact common to all Class Members. Among the question of law and fact common to the class are the following:

a. Whether Defendant required or permitted hourly workers to use iHuddle for 7Brew training off the clock and without compensation;

b. Whether Defendant required or permitted Shift Supervisors to work off the clock, without compensation on documents intended to advise hourly workers what tasks they would be doing on their shifts;

c. Whether Defendant required or permitted hourly workers to work more than forty hours in a week without overtime pay;

d. Whether Defendant willfully failed properly to maintain records of the hours its hourly workers worked;

e. Whether Defendant willfully failed to pay its employees for all time work, and time and one half for hours worked more than forty in a workweek;

f. Whether Defendant kept customer tips and failed to distribute them to the employees who earned them;

g. Whether the Class Members are entitled to liquidated damages for Defendant's violations of the FLSA and state wage and hour laws.

36. The claims of the representative Plaintiffs are typical of, if not identical to, the claims of each member of the class because the representative Plaintiffs and all Class members were subjected to the same unlawful policies requiring or permitting off-the-clock, uncompensated work.

37. The representative Plaintiff will fairly and adequately protect the interests of all of the Class Members. They have retained competent counsel who is experienced in complex litigation and who will prosecute this action vigorously. The representative Plaintiff will fairly and adequately assert and protect the interests of the class. They do not have any interest

antagonistic to the interests of the class. Representative Plaintiff has adequate financial resources to vigorously pursue this action, including an agreement by their counsel to prosecute this action on a contingent fee basis and to advance the reasonable and necessary costs and expenses of litigation.

38. A class action proves a fair and efficient method for adjudication of the controversy pursuant to Rule 23.

39. Certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**COUNT ONE**

**PLAINTIFF, on behalf of himself and all those similarly situated, v. DEFENDANT**

**Violation of Fair Labor Standards Act**

**<u>Payment of Overtime Requirements and Stealing Tips</u>**

40. Plaintiff, on behalf of himself and all similarly situated current and former employees of Defendant, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

41. At all times relevant, Defendant have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

42. At all times relevant to this Complaint, Plaintiff and the Collective Members were Defendant's "employees" as defined by the FLSA, §203(e)(1).

43. At all times relevant, Defendant were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

44. The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek. See 29 U.S.C. §206(a)-(b).

45. The FLSA requires that employers compensate all non-exempt employees who work in excess of forty hours in a work week at a rate of not less than one- and one-half times the regular rate at which they are employed. See 29 U.S.C. §207(a)(1).

46. The FLSA prohibits employers from keeping tips and requires that tips be distributed to the employee who earned them.

47. At all times relevant to this Complaint, Plaintiff and the Collective Members were not exempt from the minimum wage or overtime provisions of the FLSA.

48. Defendant failed to pay Plaintiff and the Collective Members for work in excess of forty hours per week at their overtime rate of one and one half times their regular rate.

49. Defendant kept customer tips and failed to distribute them to the employees who earned them.

50. In violating the FLSA, Defendant acted willfully, without a good-faith basis and with reckless disregard of applicable federal law.

51. Accordingly, Plaintiff and the Collective Members are entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular pay, plus time-and-a-half for hours worked over forty in a week, plus liquidated damages, attorneys' fees and costs.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

53. Due to Defendant's FLSA violations, Plaintiff and the Collective Members are entitled to recover from Defendant their unpaid overtime compensation, an additional amount as

liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and in favor of the Collective Members against Defendant as follows:

a. for an Order awarding Plaintiff and the Collective Members back wages that have been improperly withheld;

b. for an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages; and

c. for an Order awarding attorneys' fees and costs, and an *Eshelman* tax gross up.

**COUNT TWO**

**PLAINTIFF on behalf of all similarly situated individuals v. DEFENDANT**

**Violation of Pennsylvania Wage Payment and Collection Law**

54. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

55. Plaintiff and all similarly situated employees who worked for Defendant in Pennsylvania were entitled under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. Ann. §260.1 *et seq.*, to be paid for all of the hours they worked, in a timely manner, and to be paid customer tips. The Law requires payment of overtime wages in the next succeeding pay period.

56. Defendant did not pay Plaintiff or the similarly situated employees in a timely manner for all of the hours he worked.

57. Defendant kept customer tips and did not distribute them to the employees who earned them.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT THREE**

**PLAINTIFF on behalf of all similarly situated individuals v. DEFENDANT**

**Violation of Other States' Wage Payment and Collection Law**

58. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

59. Plaintiff and all similarly situated employees who worked for Defendant outside of Pennsylvania were entitled under the laws of the states in which they worked to be paid for all of the hours they worked, in a timely manner.

60. Defendant did not pay Plaintiff or the similarly situated employees in a timely manner for all of the hours they worked.

61. Defendant kept customer tips and did not distribute them to the employees who earned them.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest;

and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,

Date: October 27, 2026

By: *s/M. Frances Ryan*

M. Frances Ryan
Validation of signature code: MFR1130
Attorney for Plaintiff
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way, Suite 403
Exton, PA 19341
(610) 594-1600
Email: mfrancesryan@wusinichsweeney.com